IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

BOARD OF TRUSTEES OF THE 1199 SEIU
GREATER NEW YORK BENEFIT FUND and
BOARD OF TRUSTEES OF THE 1199 SEIU
GREATER NEW YORK EDUCATION FUND,

JUDGE SCHEINDLIN

07 CV 3593

**COMPLAINT**

Plaintiffs,

v.

ATLANTIC HIGHLANDS NURSING HOME,

Defendant.

------------------------------------------------------------------X



RECEIVED

MAY 04 2007

U.S.D.C. S.D. N.Y.
CASHIERS

## INTRODUCTION

Plaintiffs Board of Trustees of the 1199 SEIU Greater New York Benefit Fund

and Board of Trustees of the 1199 SEIU Greater New York Education Fund (together, the

"Trustees") bring this action to collect delinquent fringe benefit contributions that Defendant

Atlantic Highlands Nursing Home (the "Employer") owes to the 1199 SEIU Greater New York

Benefit Fund (the "Benefit Fund") and the 1199 SEIU Greater New York Education Fund (the

"Education Fund"). Plaintiffs bring this action pursuant to the Employee Retiree Income

Security Act, 29 U.S.C. § 1001, as amended by the Multi Employer Pension Plan Amendments

Act of 1980 ("ERISA").

## JURISDICTION AND VENUE

1.     This court has jurisdiction over this action pursuant to 29 U.S.C. §1132.

2.     Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) because

the Benefit Fund and the Education Fund are administered in this district.

## THE PARTIES

3.     The Benefit Fund and the Education Fund are employee benefit plans within the meaning of ERISA, 29 U.S.C. §§1002(2)(3) and are maintained to provide medical, educational, and related benefits to eligible participants, their family members, and other beneficiaries.

4.     The Benefit Fund and Education Fund (collectively, the "Funds") are funded solely by employer contributions. Without those contributions, the Funds could not provide benefits.

5.     Plaintiffs are the Boards of Trustees of the Benefit and Education Funds, and are fiduciaries within the meaning of ERISA, 29 U.S.C. §1002(A).

6.     The Funds are administered at 330 West 42nd Street, New York, New York.

7.     Plaintiffs bring this action on behalf of themselves, the Benefit Fund, the Education Fund, and the participants and the beneficiaries of the Funds pursuant to ERISA, 29 U.S.C. §§1132 and 1145.

8.     Defendant is an employer in an industry affecting commerce within the meaning of ERISA, 29 U.S.C. §§1002(5), (11) and (12). It operates a nursing home and is located at 8 Middletown Avenue, Atlantic Highlands, New Jersey 07716.

### Count 1 – Defendant's Failure to Contribute To The Benefit Fund

9.     At all relevant times, the Employer was a party to a collective bargaining agreement with 1199 SEIU United Health Care Workers East ("1199") (the "CBA") governing certain of its employees. The CBA is in effect from May 15, 2005 through June 15, 2008. The CBA is a contract between a labor organization and an employer and a collectively bargained

2

agreement within the meaning of ERISA, 29 U.S.C. §1145. A copy of the CBA is Exhibit 1 to this Complaint.

10. The Employer is bound by the CBA.

11. Article 33 Section 33.1 of the CBA requires the Employer to make contributions to the Benefit Fund at a rate of 22.33% of gross payroll.

12. Article 33 Section 33.4 of the CBA requires the Employer to make Benefit Fund contributions on or before the 10th day of each month. Those contributions "shall cover the previous month's employees covered by this Agreement."

13. In Article 33 Section 33.5 of the Agreement, the Employer agreed that the Benefit Fund will be "held and managed under the terms and provisions of an Agreement and Declaration of Trust executed in connection with the said Fund".

14. The Employer has failed and refused to make the Benefit Fund contributions required by the CBA for the payroll months of January 2007 to the present.

15. Because the Employer has failed to pay these required contributions, it is delinquent in its payments to the Benefit Fund.

16. The Employer's failure to make its required contributions to the Benefit Fund is a breach of its obligations under the CBA and the Trust Agreement, and is a violation of ERISA, 29 U.S.C. §1145.

17. Under ERISA, 29 U.S.C. §§1132(g)(2) and 1145, the Employer must pay the Benefit Fund the full amount of the delinquent contributions, plus interest, liquidated damages, and the attorneys fees, and costs of this action. The Trustees are also entitled to such

3

other legal or equitable relief as the court deems appropriate pursuant to ERISA, 29 U.S.C. §1132(g)(2)(e).

## Count II – Defendant's Failure To Contribute To The Education Fund

18.     Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 though 17 above.

19.     Article 35 Section 35.1 of requires the Employer to make contributions to the Education Fund "at the rate of 1/2% of gross monthly payroll."

20.     Article 35 Section 35.3 of the CBA requires Defendant to make the Education Fund contributions "on the tenth (10th) day of the current month in advance."

21.     The Employer has failed and refused to make the Education Fund contributions required by the CBA for the months of January 2007 to the present.

22.     Because the Employer has failed to make these required contributions, it is delinquent in its payments to the Education Fund.

23.     The Employer's failure to make its required contribution to the Education Fund is a violation of ERISA, 29 U.S.C. §1145.

24.     Under ERISA, 29 U.S.C. §§1132(g)(2) and 1145, the Employer must pay the Education Fund the full amount of the delinquent contributions plus interest, liquidated damages, and the attorneys fees and cost of this action. The Trustees are also entitled to such legal and other equitable relief as the court deems appropriate pursuant to ERISA, 29 U.S.C. §1132(g)(2)(e).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment for:

4

1.     A Declaration that the Employer owes contributions to the Benefit Fund and Education Fund on behalf of all employees covered by the CBA for all payroll periods from January 2007 to the present;

2.     A judgment in the full amount of the delinquent contributions the Employer owes to the Benefit Fund and the Education Fund, together with interest, liquidated damages, attorneys fees and cost as required by the Plan and by ERISA 29 U.S.C. §1132(g)(2), and

3.     Such other legal and equitable relief to which plaintiffs are entitled.

Dated: May 4, 2007

MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

Lowell Peterson (LP 5405)
Attorneys for Plaintiffs
1350 Broadway, Suite 501
New York, New York 10018-0026
212-239-4999
lpeterson@msek.com

85590

5